**IPOLITO FELISE, Petitioner**

**v.**

**WORKMEN'S COMPENSATION COMMISSIONER,**
**Respondent**

**AMERICAN SAMOA GOVERNMENT and**
**CONTINENTAL INSURANCE CO.,**
**Real Party in Interest**

High Court of American Samoa
Trial Division

CA No. 27-93

July 22, 1993

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Petitioner, Charles V. Ala'ilima
For Real Party in Interest, Roy J.D. Hall, Jr.

On Motion to Dismiss:

On January 15, 1993, the Workmen's Compensation Commission (WCC) filed its order denying petitioner's claim for reinstatement of "total disability benefits," which the employer had suspended pursuant to A.S.C.A. § 32.0661. On February 26, 1993, petitioner filed his petition for judicial review and sought an immediate hearing for a "briefing schedule." Since the petition sought an "AP" number, the clerk assigned an appellate docket number and calendared the requested hearing, for a briefing schedule, before the appellate division. On March 3, 1993, the matter came before a single judge of the appellate division, who ordered that the matter be transferred to the trial division and re-docketed accordingly. The Clerk thereafter assigned a "CA" docket number. On March 17, 1993, petitioner filed with the trial division a document styled "Petition For Review."

Having previously intervened, the real party-in-interest subsequently moved, through its insurer, to dismiss on the following grounds: 1) that the petition was untimely as it was not filed before the proper forum, the trial division, within the 30-day limitation period provided by A.S.C.A. § 32.0651; and 2) that the petition did not conform with the requirements of A.S.C.A. § 32.0652, which provides for review proceedings "through injunction proceedings, mandatory or otherwise, brought by any party in interest against the commissioner, and instituted in the High Court of American Samoa."

We hold that the filing of February 26, 1993, which was timely, was operative to toll the statute of limitations. That the petition was mislabeled with an "AP" number, as opposed to a "CA" number, is an insufficient reason to dismiss; "the appropriate remedy is not to dismiss the case, but simply to give it a new number." *Diocese of Samoa Pago Pago v. KMST, Inc.*, 15 A.S.R.2d 20, 24 n.2 (1990); *see also In re Beaver Family Trust*, 17 A.S.R.2d 9 (1990) (Mem.) (motion to dismiss denied where petition sought relief from a non-existent probate division of the High Court).

Movant's second ground for relief essentially advances form over substance; dismissal is sought for defective pleadings. While petitioner did not exactly cast his petition in terms of "injunctive" relief, dismissal is hardly appropriate given our liberal rules of pleading. These rules require that "pleadings shall be so construed so as to do substantial justice." T.C.R.C.P. Rule 8(f); *Development Bank of American Samoa v. Ilalio*, 5 A.S.R.2d 110, 115 (1987). Under A.S.C.A. § 32.0652,

judicial review is the only available manner of appeal to the courts. *Haleck v. Scanlan*, 4 A.S.R. 998 (1975); *Waite v. Workmen's Compensation Commission*, AP No. 106-75 (1975). Thus, petitioner's generally framed petition for judicially review may be liberally construed as seeking the "injunctive" remedy statutorily provided. As the court noted in *Development Bank of American Samoa v. Ilalio*:

> Litigation is not an art in writing nice pleadings. . . .
> The pleading rules are designed to eliminate delay, and
> reduce the pleading requirement to a minimum. . . .
> The real importance of the Rules dealing with pleadings
> is that they make pleadings, in and of themselves,
> relatively unimportant. Cases are to be decided on the
> merits.

5 A.S.R.2d at 115-16 (quoting 2A Moore's Federal Practice ¶ 8.02, at 8-9). For the reasons given, we deny the motion.

It is so ordered.